# Western Allegheny Railroad Company's Petition.

*Railroads—Connection of one railroad with another—Incidental cross-ing of switches, etc.—Proceedings—Certiorari—Constitution, sec. 1, art. XVII—Act of April 4, 1868, sec. 11, P. L. 62.*

1. Proceedings under the Act of April 4, 1868, sec. 11, P. L. 62, which provides for the fixing of terms upon which one railroad may justly and properly connect with another under the right conferred by sec. 1, art. XVII, of the constitution, are entirely statutory, and no appeal being allowed, the Supreme Court can on certiorari look into the record only so far as may be necessary to see if the court below exceeded its jurisdiction or abused its discretion.

2. Where in such a case it appears that the proceedings were entirely regular and the decree made permitting connection was within the power of the court, and there is nothing in the record to indicate that the connection as authorized will be an unusual source of danger, or will constitute an unreasonable interference with the property rights of the objecting company, the action of the court in permitting such connection will not be reversed because the connecting track is so located that it will cross at grade a siding and a yard track.

3. The fact that such a connection involves the crossing of a siding or switch, merely incidentally to the securing of a connection, does not make it a crossing case or necessarily bring it within the provisions of the Act of June 19, 1871, P. L. 1360.

Argued Oct. 10, 1911.   Appeal, No. 192, Oct. T., 1911, by respondent, from order of C. P. Lawrence Co., March Term, 1911, No. 86, In re Petition of Western Allegheny Railroad Company for connection with the Pittsburg & Western Railroad Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ.   Affirmed.

Proceedings under the act of April 4, 1868, for connection of tracks of railroad companies.   Before PORTER, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to report of jury and in approving said report.

*Wylie McCaslin,* for appellant.—The provision in the constitution that every railroad company shall have the right to intersect, connect with or cross any other railroad, does not change the policy of the statute as embodied in the act of June 19, 1871, to prevent railroad crossings at grade where that is reasonably practicable: Northern Central Ry. Co.'s App., 103 Pa. 621; Pittsburg Junction R. R. Co.'s App., 122 Pa. 511; Lake Shore & Michigan So. Ry. Co. v. N. Y., etc., Ry. Co., 8 Fed. Repr. 858; Pitts. & Lake Erie R. R. Co. v. Lawrence County, 198 Pa. 1; Pittsburg Junction R. R. Co. v. Ft. Pitt Pass. Ry. Co., 192 Pa. 44; Perry County R. R. Extension Co. v. Newport & Sherman's Valley R. R. Co., 150 Pa. 193.

The petitioner has the constitutional right to connect with the respondent railroad subject to the control of a court of equity under the provisions of the act of 1871: Smethport R. R. Co. v. Pittsburg, Shawmut & Northern R. R. Co., 203 Pa. 176.

The act of 1871 applies to a crossing over a branch road or siding: Pennsylvania R. R. Co. v. Conshohocken Ry. Co., 4 Pa. Dist. Rep. 12; Pennsylvania Schuylkill Valley R. R. Co. v. P. & R. R. R. Co., 160 Pa. 232; Pensylvania Co. v. R. R. Co., 204 Pa. 356.

*J. H. Beal,* of *Reed, Smith, Shaw & Beal,* with him *J. Norman Martin,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

The right of one railroad to connect with or cross the line of another railroad is conferred by sec. 1, art XVII, of the constitution, and in the Act of April 4, 1868, sec. 11, P. L. 62, provision is made for fixing the terms upon which the connection may be justly and properly made. In case of failure to agree, either party in interest may apply to the proper court of common pleas, for the appointment of a jury of three disinterested men, who are to determine and fix the terms of the connection; and these terms, when approved by the court, are to be conclusive. The present

case is a proceeding of that nature. The court appointed a jury, and after due investigation, it reported that a connection was necessary, and should be made at a designated place upon certain specified terms. The petitioning company was required to pay for and maintain proper safety devices to guard the use of the connection, and was also required to pay the wages of a watchman, or signal man. Exceptions were filed to the report upon the sole ground that the connecting track as authorized by the viewers would cross a siding, and a yard track, at grade. The court below dismissed these exceptions, and approved the report.

The proceeding is entirely statutory, and no appeal from the judgment of the court of common pleas is given by the statute. The case is before us on certiorari, and we can look into the record only so far as may be necessary to see if the court below exceeded its jurisdiction, or abused its discretion. We find nothing to indicate that it has done either. The proceedings were entirely regular and the power of the court to make the decree in question must be conceded. The only objection raised by appellant is that the connecting track is so located that it will cross at grade a siding and a yard track. Evidently the jury of view and the court must have concluded that under the circumstances this was not an important matter. The jury were on the ground and viewed the premises, and were familiar with the needs of the situation and its diffculties, if any there were; and, in the discharge of their duty, must be presumed to have acted for the best interest of all concerned. The constitutional provision above quoted, and sec. 10 of the act of 1868, confer the right to construct railroads so as to cross at grade the track or tracks of any other railroad. The legal right of the petitioner to cross the tracks of appellant at grade, cannot, therefore, be questioned. We find nothing in the record to indicate that the jury exceeded its power when, in the exercise of its judgment in fixing the point of connection, it incidentally permitted the crossing of a side track and

a switch. Presumably the location chosen was the best and most available place for the connection, under the circumstances. Nor can we say that the court below erred, or abused its discretion, in confirming the report of the jury of view in that respect. It is true that under the Act of June 19, 1871, P. L. 1360, a court of equity has the power to regulate the mode in which one railroad shall cross the tracks of another, and "if in the judgment of such court it is reasonably practical to avoid a grade crossing," to prevent the same. But these proceedings were not brought under the act of 1871. They were, on the contrary, clearly under the act of 1868, which, as we have seen above, expressly provides that the terms of connection when fixed by the jury, and approved by the court, shall be conclusive. This is not a crossing case. The fact that the connection involved the crossing of a siding or switch, was merely incidental to the securing of a connection. The important right which it was desired to exercise was that of making the connection between the two lines of railroad. We find nothing in the record to indicate that the connection, as authorized to be made and operated, will be an unusual source of danger, or will constitute an unreasonable interference with the property rights of the appellant company.

The assignments of error are dismissed, and the decree of the court below is affirmed, at the cost of appellant.